IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

WILLIE J. JACKSON                                                                              APPELLANT

V.                                                                          CIVIL ACTION NO. 4:19CV00031-NBB

GUARANTY BANK & TRUST COMPANY                                                      APPELLEE

### ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

This cause comes before the court upon the pro se appellant's letter motion for a temporary restraining order. Upon due consideration, the court finds that the motion is not well taken and should be denied.

The appellant, Willie J. Jackson, is the debtor/plaintiff in a Chapter 11 bankruptcy proceeding in the United States Bankruptcy Court for the Northern District of Mississippi, Case No. 17-12602, and a related adversary proceeding, Case No. 19-01001, against his creditor, Guaranty Bank & Trust Company. The above-styled case is an appeal to this court of an order entered by the bankruptcy court in the adversary proceeding.

The bankruptcy court entered an agreed order in the adversary proceeding on January 15, 2019, representing an agreement, negotiated on Jackson's behalf by his attorney, between Jackson and the bank, resolving the underlying matter of Jackson's complaint to enjoin the bank from foreclosing on his real property and setting forth amended loan repayment terms. Jackson then filed, pro se, a motion to reconsider, asserting that his attorney negotiated the agreement without his consent. The bankruptcy court held a hearing on the motion to reconsider on February 14, 2019, noting in its corresponding order dated the following day that Jackson's attorney "presented evidence in the form of credible witness testimony to show that the Debtor was fully apprised of and agreed to the terms of the Agreed Order before its entry." The

bankruptcy court nevertheless granted Jackson's requested relief in part, setting out a more detailed and extended loan repayment schedule. Apparently aggrieved by the terms of this order as well, Jackson subsequently filed, also pro se, a notice of appeal on February 22, 2019.

On March 4, 2019, Jackson filed in this court a letter motion for a temporary restraining order asking the court to enjoin the bank from foreclosing on his property until the appeal is resolved. Jackson has failed, however, to support his motion with a sufficient legal or factual basis.

A party moving for a temporary restraining order must establish four elements:

> (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the temporary restraining order is denied; (3) that the threatened injury outweighs any damage that the temporary restraining order might cause the defendant; and (4) that the temporary restraining order will not disserve the public interest.

*Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014). "A temporary restraining order is an extraordinary remedy which should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Whole Woman's Health v. Paxton*, 264 F. Supp. 3d 813, 818 (W.D. Tex. 2017) (citing *PCI Transp., Inc. v. Fort Worth & Western R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005)). The decision to grant a temporary restraining order "is to be treated as the exception rather than the rule." *Mississippi Power & Light Co. v. United Gas Pipe Line, Inc.*, 760 F.2d 618, 621 (5th Cir. 1985).

Jackson has established none of the elements required for issuance of a temporary restraining order or even attempted to do so. Even under the more lenient standard afforded to pro se litigants,[1] Jackson's motion is insufficient to serve as a basis for his

---

[1] *See, e.g.*, *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (acknowledging that filings of pro se litigants are "held to less stringent standards than formal pleadings drafted by lawyers").

2

requested relief, especially considering the extraordinary nature of the remedy and the heightened burden requirement.

For the foregoing reasons, the court finds that the appellant's letter motion for temporary restraining order should be, and the same is hereby, **DENIED**.

**SO ORDERED AND ADJUDGED** this 8th day of March, 2019.


  /s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE