IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

WILLIE J. JACKSON                                                                                            APPELLANT

V.                                                                         CIVIL ACTION NO. 4:19CV00031-NBB

GUARANTY BANK & TRUST COMPANY                                                            APPELLEE

ORDER FOR BRIEFING

This cause comes before the court upon the appellee's motion to strike and to dissolve TRO. The appellant asserts that the loan repayment schedule set forth in the bankruptcy court's order of February 15, 2019, which is the subject of this appeal, ultimately results in his "being forced to pay [the] November [payment] again." The appellant submitted an excerpt of his banking transaction history which does appear to reflect that he made his November 2018 payment of $3500.00 in two installments – a payment of $1500.00 on December 7, 2018, and a payment of $2000.00 on December 10, 2018. Said payments appear to have been made within the grace period allowed by the agreements existing between the parties at that time.

The bankruptcy court's order which is the subject of this appeal sets forth a repayment schedule to correct the appellant's loan delinquency over a period from March 1, 2019, to June 3, 2019. The total amount to be repaid during this period in accordance with the terms of the bankruptcy court's order and as set forth therein amounts to $24,735.00. The order also directs, in addition to this amount, "[t]hat the June 2019 payment of $3500.00 (due under contract on or before June 15, 2019), and all subsequent monthly payments due thereafter, shall be paid" in

accordance with the terms of the agreements between the parties. In other words, with the June 2019 payment,[1] the appellant should be back on schedule with his loan delinquency resolved.

The $24,735.00 sum reflects seven (7) payments of $3500.00 and an additional $235.00 which reflects a shortage owed by the appellant for his October 2018 loan payment paid over the course of November 8, 9, and 13, 2018. As the record before the court reflects that the appellant made his November 2018 payment on December 7 and 10, 2018, the payments owed by the end of the period contemplated by the bankruptcy court's order – that is, June 3, 2019 – would be December 2018 through May 2019 – that is, six [6] payments, not seven. According to the bankruptcy court's order, the regular June 2019 payment (due by June 15) would appear to have the appellant back on his regular schedule with the delinquency paid in full.

Based on the above calculations, it appears to the court that there is at least a possibility that the appellant is indeed being required to pay his "November payment" twice. The court is unconcerned with the month designations of these payments. It is only concerned with the fact that a possible clerical error may have been made in the drafting of the bankruptcy court's order which results in the appellant ultimately being required to pay $3500.00 more than he owes.

Simply put, the court finds, from the very scant record before it, that the bankruptcy court's order *may* contain a clerical error which should be corrected. The appellant has successfully raised this issue for the time being, and the court is only interested in the bank's explanation to the contrary, if it has one. The matter is a simple question which should be resolved with a simple answer without the necessity of a court hearing. As of this filing, however, the bank has failed to offer a substantive argument on the matter, instead choosing to attack the appeal on procedural grounds, i.e., arguing that the appellant's brief is insufficient and

---

[1] To be clear, the court here refers to the regular June 2019 payment due on June 15, 2019, not the last remaining arrearage to be paid by June 3, 2019.

should be stricken. No explanation resolving the appellant's contention has been presented by the appellee.

As the court noted in its March 27, 2019 order granting the appellant's TRO, "the matter is far from clear." The record before the court is limited, and the appellant's argument is indeed lacking. The appellee bank may be able to elucidate this matter quite easily and explain to the court's satisfaction what appears to be the bankruptcy court's requirement of an additional $3500.00 payment on the part of the appellant.

The court does not address at this time the apparent arrearage that continues to accumulate as the appellant, according to the appellee, fails to meet the payment deadlines set forth in the bankruptcy court's order. If the present matter is resolved in the appellant's favor, however, the appellant should expect and **is hereby put on notice** that he will be afforded a **very limited time period (no more than ten (10) days)** within which to cure the **total delinquency** calculated at the time this court issues an order resolving the matter addressed herein.

The court is unpersuaded by the appellant's argument suggesting that he should be afforded relief based on his allegation that the bank initially attempted to foreclose on his property without a lift of the automatic stay. That argument is now moot, as the initial and subsequent foreclosure attempts have been temporarily enjoined and because the bankruptcy court's order which is the subject of this appeal specifically provided that the automatic stay would be "immediately lifted and terminated as to Guaranty and its collateral" without further court action upon the appellant's failure to make the payments owed as set forth in said order. Such a provision was not improper and will carry forward in the event the matter addressed herein is resolved in the appellant's favor.

The court will deny the appellee's motions to strike and to dissolve TRO at this time and afford the appellee an opportunity to file a brief addressing the simple issue outlined above. The appellee is granted seven days from this date to file its brief. The TRO enjoining the foreclosure of the appellant's property is extended until further order.

**SO ORDERED AND ADJUDGED** this 10th day of May, 2019.

    /s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE